774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tosco Corporation, Plaintiff-Appellee,
v.
Lankford Oil Company, Inc., et al., Defendants.
Federal Deposit Insurance Company, Defendant-Appellee,
Reliance Insurance Company (Surety), Appellant.
 No. 84-5778
 United States Court of Appeals, Sixth Circuit.
 9/5/85
 
 M.D.Tenn.
 AFFIRMED
 On Appeal from the United States District Court for the Middle District of Tennessee
 Before: ENGEL and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Reliance Insurance Company appeals an order of the United States District Court for the Middle District of Tennessee finding it liable as surety on an appeal bond issued to the Bank of Clarksville, Clarksville, Tennessee.
 
 
 2
 On July 7, 1982, the district court entered judgment for $108,852.27 plus interest in favor of Tosco Corporation against Lankford Oil Company, Inc. and the Bank of Clarksville. In response to the bank's motion for postjudgment relief, the court stayed execution of the judgment but required the bank to file a bond to cover postjudgment and appellate proceedings. The bank filed a supersedeas bond on which the Reliance Insurance Company was surety. While its appeal to the Sixth Circuit was pending, the bank was declared insolvent and was closed by the Tennessee Commissioner of Financial Instituties. The FDIC was appointed as receiver.
 
 
 3
 Subsequently, the FDIC and its counsel were substituted in the appeal then pending before the Sixth Circuit. After the court of appeals affirmed the judgment for Tosco, the FDIC informed Tosco that it would not pay the judgment until termination of the receivership proceedings. Tosco promptly filed a 'Motion for Enforcement of Judgment Against Surety' seeking a judgment against Reliance upon the bond in favor of the bank. The district court granted Tosco's motion, and Reliance appeals.
 
 
 4
 On appeal, Reliance raises several arguments. First, it argues that it should be released as surety because the substitution of the FDIC as the party to the appellate proceedings constituted a material alteration of Reliance's contractual obligation without notice. Furthermore, Reliance argues that its rights were prejudiced without notice by the substitution of the FDIC and its counsel. Reliance also contends that it is released as surety because there is no 'successors and assigns' language in the 'conditions' paragraph of the bond. Finally, Reliance claims that even if it remains liable upon the bond, it is entitled to a judgment over against the FDIC in the FDIC's corporate capacity.
 
 
 5
 After carefully considering the record and the arguments and briefs of the parties, we agree with the trial judge that the substitution of the FDIC for the Bank of Clarksville in the underlying litigation did not release Reliance from its obligation as surety on the supersedeas bond. Reliance is as fully liable as it would have been had the Bank of Clarksville remained a party to the original appeal. Reliance is not entitled to judgment against the FDIC in its corporate capacity because the FDIC in its corporate capacity is not a party to this litigation. Reliance is free to pursue whatever remedy it may have against the FDIC in its capacity as receiver.
 
 
 6
 AFFIRMED.